tora, Judge
 

 The only question now before tins court is, whether the paper written by
 
 Mr. Whitaker
 
 is the will of
 
 Ricks Fort,
 
 deceased, as to his personal estate. The question upon the paper dated in 1823 cannot arise, until that paper be offered for probate. The court declines giving an extrajudicial opinion upon it.
 

 A point of very general consequence has been taken upon the. paper now under consideration. Against that, ■as a will of personalty, it is objected, that were it otherwise good for that purpose, yet as it purports to pass real as well as personal property, and something more was necessary to complete it as to lands, which the sup
 
 *21
 
 posed testator knew, and intended to add, it is in com-píete for any purpose. This position is one of very extensive bearing, and deserves very deliberate considera-lion, before it is either adopted or rejected by the court, I do not understand it to be carried to the extent, that a will, disposing, or affecting to dispose of realty and personalty, must be good as to both or neither ; for example, a paper with one witness. Much of the argument however, in support of the one position, is equally applicable to the other. For it is said, that where a father, for instance, by bis will provides for one child out of bis personal property, and fin* another with land, lie cannot intend to die testate as to one without the other; to mean that one fund shall be disposed of in that manner, unless the other is also ; because it is doing injustice among his children. Now this argument is as strong, when the will is incomplete only in point of law, as where it is incomplete within the purpose of the maker —that is, where it is not what he intends it shall be in point of formal execution, for the sake of making it good for all purposes. Yet a will attested by one witness, is certainly good to pass chattels, and certainly not good to pass the lands mentioned in it. This may however be upon the ground, that in the last case it is defective only by reason of a positive statute ; and in the former upon the intention, or rather the want of intention in the party to make it a will for one purpose, unless it be for all.
 

 And upon this ground, it is contended here, that it is not a will at all, because for the purpose of passing the real estate, the signature of the supposed testator, and attestation of two witnesses were necessary, and were intended. The case of
 
 Walker
 
 v.
 
 Walker
 
 (1
 
 Mer.
 
 503) lias been cited in support of the argument. The counsel in that case presented it in a clear and vciy strong light; and their ¡ reasoning is directly applicable to the case now under consideration. The decision was against the will. Unfortunately the court gave no reasons
 
 ;
 
 so that we cannot tell whether they adopted the argument of the counsel, or carried it out to the length contended for. The case itself did not make it necessary. It did,
 
 *22
 
 not rest barely upon the facts, that the paper bad a clause of attestation, and no subscription of witnesses. There was this additional one : the will was found in the testatrix’ drawer, after her death, in an envelope, on which she had herself written
 
 I
 
 have signed and sealed my will, to have it ready to be witnessed the first opportunity I can get proper persons •” and she lived twelve years after the will bore date. This showed that she knew there ought to be witnesses : that she intended to got them, when she wrote the will, and the memorandum on the envelope ; and so that she did not intend her signing as a full execution for any purpose : and from her not having it attested for so iong a period, a strong presumption arose that she had abandoned it altogether. The case may have turned on these circumstances. It *s ceptainly not an authority direct to the point, that the want of attestation, where there is a clause of attesta-wyq defeat a will altogether. And it is too important a principle, to be determined in any case which does not require it.
 

 Does the want whei^there'is a clause of attestation, defeat a will altogether?
 
 Qu.
 

 The court does not think this case turns on it. There is not the least evidence that the deceased published, or otherwise treated
 
 the particular paper
 
 delivered to lvim by
 
 Mr. Whitaker,
 
 as his will. He did .not read it, nor have it read, nor otherwise express himself concerning the contents. When ho was told, that in the shape in which it then was, it .would not pass lands, hut would personalty, he said not a word towards publishing it, as a will of the latter
 
 sort; on
 
 the contrary, lie anxiously sought instructions of the requisites to make it good as a will of lands. Can it he doubted, that he did not mean to publish it, until he could do so in a way to make it effectual for all its purposes. Ho took it home, and did not even sign it, as he probably would have done, had he read it, and been satisfied. But it is said, that by putting it away with the old will, he seems to have regarded it as a valuable paper, and so recognized it as his will. Not so ; he doubtless recognized it as a paper, which might be his
 
 will;
 
 which probably he intended to execute as his will; hut not as Ms executed will. The preservation and custody of the old will being the.’
 
 *23
 
 «ame, the argument is much stronger in favor of a republication of that, which is stated to have been duly executed to pass lands ; and is signed by Mm, and must also have been written by him. For ,if the last paper was considered by him his will, why keep the former ?
 

 Without deciding any general question, this case may well be disposed of upon its particular circumstances. ATtlio’ the deceased wished to make a will, there is no evidence of a publication of this particular paper as his will. He did not expressly say so at J¥hilaker,s. It is not to he taken by inference, when it appears the party did not know the contents of the paper, altho’ he was told that in the state in which it then was, itwouldbegood for personalty. It may be presumed, that he read it when he got home
 
 ;
 
 but there is no evidence that he was satisfied with it, except that he preserved it. He never spoke of it, as he naturally would, if he had considered it a will. And the preservation of both papers together, is rather evidence of the republication of the first, than a publication of the last in its incomplete state.
 

 Per Curiam. — Judgment Reversed.